IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In Re:

PICACHO HILLS UTILITY COMPANY, INC.,

    Debtor.  Bankruptcy Case No. 13-10742-t7

PICACHO HILLS DEVELOPMENT COMPANY, INC.,

    Defendant/Appellant,  Adversary Case No. 16-01007-t

v.  U.S.D.C. Appeal No. 17-cv-1260 MV/JHR

CLARKE C. COLL, *Chapter 7 Trustee*,

    Plaintiff/Appellee.

# **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD") of Magistrate Judge Jerry H. Ritter, *Doc. 17*, filed January 18, 2019, and the objections of the parties to this appeal, Defendant/Appellant Picacho Hills Development Company, Inc. ("Development Company") and Plaintiff/Appellee Chapter 7 Trustee Clarke C. Coll ("the Trustee"), filed February 1, 2019. *Docs. 18, 19*. The Court, having conducted a *de novo* review of the parties' objections, hereby overrules them and adopts the PFRD for the reasons set forth below.

**I)**     **Standard of Review**

"Review of the magistrate judge's ruling is required by the district court when a party timely files written objections to that ruling." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Specifically, "[d]e novo review is required when a party files timely written objections to the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995)

(citation omitted). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Id.* "However, neither 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" *United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). "[A] party's objections to the magistrate judge's report and recommendations must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel*, 73 F.3d at 1060. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

**II) Background**

Judge Ritter set forth this case's background in the PFRD, and the Court will not repeat those facts here except as necessary to the instant analysis. Essentially, this case was initiated as an adversary proceeding by the Trustee against Development Company. In his Complaint, the Trustee seeks the turnover of certain assets claimed to be the rightful property of the Debtor, Picacho Hills Utility Company, Inc. ("the Utility"). *See Doc. 3*, p. 12. These assets stem from the sale of two distinct parcels, which the parties refer to as "the Old Tank Land" and "the New Tank Land."

The Bankruptcy Court granted summary judgment to the Trustee on both claims. As to the Old Tank Land, the court determined that a total of $168,000.00 should be turned over to the Trustee pursuant to a 2010 New Mexico Public Regulation Commission Order ("the Commission Order"), which, the Bankruptcy Court held, was a final order that established a $168,000.00 debt in favor of the Utility. As to the New Tank Land, the Bankruptcy Court determined that $100,000.00 should be turned over to the Trustee because the Utility conveyed that parcel without Commission approval, rendering the conveyance void and of no effect.

Development Company appealed to this Court the Bankruptcy Court's grant of summary judgment on the Trustee's claims. After briefing was complete, Judge Ritter issued his PFRD recommending that the Bankruptcy Court be affirmed as to the Old Tank Land, but recommending remand for further proceedings as to the New Tank Land. Specifically, Judge Ritter ruled that the Trustee established his entitlement to the $168,000.00 associated with the Old Tank Land under 11 U.S.C. Section 542(b), because the debt was property of the estate and was matured and payable on order. *See Doc. 17*, pp. 9-13. However, Judge Ritter recommended that this Court reverse the Bankruptcy Court's order as to the New Tank Land because the court "made improper factual inferences against Development Company … at summary judgment[.]" *Doc. 17*, p. 15. Both parties filed objections to Judge Ritter's conclusions.

**III) The Objections**

Development Company objects to Judge Ritter's finding that the Trustee had standing to recover the $168,000.00 associated with the Old Tank Land. *See Doc. 18*. Development Company asserts that Judge Ritter overlooked one of its "short" arguments, set forth as follows:

> Furthermore, if this was an asset of the Debtor (Picacho Hills Utility Company), it must be noted that it was one of the assets conveyed to Dona Ana Mutual Water Consumers Association when the receiver sold all of the Debtor's assets…. If the receiver sold all of the Debtor's assets, the asset belonged to Dona Ana and not the

3

> Debtor. Therefore, the Chapter 7 Trustee should be prohibited from seeking turnover of an asset that does not belong to the Debtor's estate.

*Doc. 18*, p. 2. Development Company argues that "[t]he Debtor no longer owned the $168,000 receivable as of May 13, 2013. Thus, the $168,000 owed by Development Company was not property of the bankruptcy estate at the time the Trustee's Complaint was filed on February 12, 2016." In other words, Development Company argues that the $168,000.00 at issue was not property of the estate under 11 U.S.C. § 542(b), and for this reason, the Bankruptcy Court's order should be reversed.

The Trustee objects to Judge Ritter's conclusion that the Bankruptcy Court made improper findings of fact at summary judgment, and argues that this Court should affirm the Bankruptcy Court's Order in full, including its determination regarding the New Tank Land. In support of his position, the Trustee claims that Judge Ritter relies "only on the statements in the Stipulated Undisputed Material Facts Solely for the Purpose of the Court Ruling on the Matters in any Subsequent Motion for Summary Judgment … and does not consider any other part of the record, including the Appellant's admissions in its Answer to the Complaint." *Doc. 19*, p. 5. In particular, the Trustee argues that Development Company's admissions in its answer, as well as the stipulated and authenticated documents attached to the Complaint, provided a sound basis for the Bankruptcy Court to grant summary judgment as to the New Tank Land. *Id.*, p. 6. As such, the Trustee argues that Judge Ritter's recommendation to remand this matter to the Bankruptcy Court should be rejected.

**IV) Analysis**

Turning first to Development Company's objection, the Court finds that it must be overruled, as the debt at issue was plainly a "debt that is property of the estate." 11 U.S.C. § 542(b). The Utility filed for Chapter 11 bankruptcy on March 7, 2013. *Doc. 3*, p. 4. Therefore, on that date

4

a bankruptcy estate was created. *See* 11 U.S.C. § 541(a). The bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Bankruptcy Code Section 541(a)(6) further states that property of the estate includes the "[p]roceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor." 11 U.S.C. § 541(a)(6). "Courts define property of the estate broadly." *In re S. Side House, LLC*, 474 B.R. 391, 402 (Bankr. E.D.N.Y. 2012). "[I]t is well-settled that property of the estate includes every conceivable interest of the debtor held as of the commencement of the bankruptcy case, whether that interest is future, nonpossessory, contingent, speculative or derivative." *In re Tellico Lake Properties, L.P.*, 548 B.R. 800, 802 (Bankr. E.D. Tenn. 2016) (citations omitted). Thus, "[a]n estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions." *Owen v. Owen*, 500 U.S. 305, 308 (1991).

As of the commencement of the bankruptcy case, the Utility (Debtor) had a legal interest in the $168,000.00 debt by virtue of the Commission Order requiring Development Company to turn over the same. The subsequent sale of the Utility's *assets* to Dona Ana Mutual Water Consumers Association on May 13, 2013, did not alter this fact. Rather, because revenue from the sale of property of the estate itself becomes property of the estate, the sale of the Utility's assets simply created a pool of money to which the debt at issue would ostensibly be added. *See, e.g.*, *In re Brizinova*, 588 B.R. 311, 326 (Bankr. E.D.N.Y. 2018) (Revenue from the sale of estate property is also estate property.). Therefore, the Court finds that the $168,000.00 debt at issue was "property of the estate" subject to turnover under 11 U.S.C. § 542(b). Development Company has cited no

5

authority to the contrary. *See generally Doc. 18*. Accordingly, Development Company's objection is overruled.

Turning to the Trustee's objection, the Court likewise finds that it must be overruled. The Trustee argues that "[w]hen this Court considers the entire record before it …, it is clear that there was substantial evidence to support the Bankruptcy Court's findings" on summary judgment. *Doc. 19*, p. 7. Having conducted a *de novo* review of the record, as it must, this Court is not convinced. Nothing in Development Company's Answer to the Complaint admits the three facts essential to the Bankruptcy Court's conclusion at summary judgment: 1) the New Tank Land was "an operating unit or system or any substantial part thereof" of the Utility; 2) the conveyance of the New Tank Land to Development Company was not a "transaction" "in the ordinary course of business;" and, 3) the Utility "could not function" without the New Tank Land. *Compare Doc. 3*, pp. 4-12 *with Doc. 7*, pp. 9-11. Likewise, the Court is not convinced that the documents attached to the Complaint permitted the Bankruptcy Court to infer these facts. *See Docs. 3*, pp. 13-59, *4*, *5*, *6*, *7*, pp. 1-8. Rather, the Court agrees with Judge Ritter that the Bankruptcy Court improperly found facts at summary judgment that were neither stipulated nor undisputed. *See In re Seay*, 215 B.R. 780, 785 (B.A.P. 10th Cir. 1997). Therefore, the Trustee's objection is overruled.

**V) Conclusion**

The Court concludes that the parties' objections must be overruled, for the reasons set forth above. Development Company has failed to demonstrate that the $168,000.00 associated with the Old Tank Land was not property of the bankruptcy estate and therefore subject to turnover under 11 U.S.C. Section 542(b). Further, the Trustee has failed to show that the facts pertaining to the New Tank Land were undisputed, rendering the Bankruptcy Court's factual findings unsupported at summary judgment.

**IT IS THEREFORE ORDERED** that the parties' objections are overruled;

**IT IS THEREFORE FURTHER ORDERED** that the Court adopts Magistrate Judge Ritter's PFRD (*Doc. 17*), and, accordingly, **REMANDS** this case to the Bankruptcy Court for further proceedings.

_____
UNITED STATES DISTRICT JUDGE